IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| REID M. JENSEN,<br><br>            Plaintiff,<br><br>vs.<br><br>UNIVERSITY PROPERTIES, INC.,<br><br>            Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-172 TC |

      Reid Jensen sued his former employer University Properties, Inc. (UPI) claiming that UPI willfully violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., because it failed to pay Mr. Jensen overtime for hours he worked in excess of forty hours a week.  Under the FLSA, "[t]he court in such action [for unpaid overtime compensation] shall, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).  This court entered judgment for Mr. Jensen and awarded Mr. Jensen attorney fees by its Order and Memorandum Decision dated January 24, 2007.  In that Order the court directed Mr. Jensen to file an affidavit and supporting documentation regarding attorney's fees and costs within 15 days of the entry of the order.

      Mr. Jensen's attorney, John L. Black, Jr., filed an affidavit in support of the award of attorney's fees and costs  (See Aff. of John L. Black, Jr. in Supp. of Award of Att'y Fees and Costs ("Aff. of John L. Black, Jr."); see also Supplemental Aff. of John L. Black, Jr. in Supp. of Att'y Fees ("Supplemental Aff.").)  While UPI does not contest the claimed costs, UPI does

maintain that Mr. Jensen should not be awarded the entirety of the attorney fees he requests (Def.'s Resp. to Aff. of John L. Black, Jr. in Supp. of Award of Att'y Fees and Costs.)

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking the fee award, here Mr. Jensen, bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. Id.; Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249 (10th Cir. 1998). In light of the complex nature of the case, successful results on the merits, and the relatively low amount of attorney's fees claimed, the court finds Mr. Jensen's attorney's fees of $31, 931.00 reasonable.

Accordingly, the court ORDERS that UPI pay Mr. Jensen's attorney's fees and costs totaling $34, 034.52.

DATED this 9th day of March, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge